UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CORAZON PANGILINAN, *et al.*,

    Plaintiffs,

    v.

DOWNEY SAVINGS AND LOAN ASSOCIATION, *et al.*,

    Defendants.
_____/

No. C-11-2016 EMC

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**

**(Docket No. 7)**

    Plaintiffs Corazon and Emiliano Pangilinan have filed suit against Defendants Downey Savings and Loan Association ("Downey Savings"), U.S. Bank National Association ("U.S. Bank"), DSL Service Company ("DSL"), and San Francisco Mortgage Exchange ("SF Mortgage"), asserting nineteen causes of action related to a loan they obtained to purchase their home. Each of the nineteen claims is a state law cause of action, and Plaintiffs initiated the action in state court. After being served, Downey Savings, U.S. Bank, and DSL ("Removing Defendants") removed the action to federal court. In their notice of removal, Removing Defendants claim that there is federal question jurisdiction because one of Plaintiffs' state law claims (the claim for violation of California Business & Professions Code § 17200) is predicated in part on an alleged violation of federal law (the Truth in Lending Act ("TILA")).

    Currently pending before the Court is Plaintiffs' motion to remand. Having considered the parties' briefing and accompanying submissions, as well as the oral argument of counsel, the Court hereby **GRANTS** Plaintiffs' motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In their complaint, Plaintiffs allege as follows. On or about July 16, 2004, Plaintiffs entered into an adjustable rate mortgage ("ARM") loan agreement with Downey Savings. *See* Compl. ¶ 25. SF Mortgage, acting as Plaintiffs' broker, worked with Downey Savings to place them in this loan even though they were not qualified to receive it and could not afford it. *Id.* ¶¶ 28, 31. In addition, Downey Savings did not disclose that (1) the monthly payments for the loan had the potential to increase from the introductory "teaser" interest rate of 1.25% ($1,812.89) up to the maximum rate of 10.95% ($5,160.00) and (2) SF Mortgage would be paid $16,320 as a Yield Spread Premium for brokering the loan. *Id.* Because the loan had a higher margin than was average at the time, Plaintiffs will have to pay $141,786.68 more in interest over the life of the loan. *Id.* ¶ 32.

Based on the above allegations, Plaintiffs filed a complaint in state court asserting state law causes of action for, *inter alia*, breach of fiduciary duty, breach of the covenant of good faith and fair dealing, deceit, fraud, and violation of California Business & Professions Code § 17200. Section 17200 prohibits unlawful, unfair, and fraudulent business acts and practices. According to Plaintiffs, Defendants engaged in unlawful business act by violating various state statutes as well as one federal statute, namely, TILA. In other words, one of the bases of the § 17200 claim is a TILA violation. Removing Defendants removed the case to federal court based on this reference to TILA. Plaintiffs now seek a remand.

## II. DISCUSSION

A. Legal Standard

An action filed in state court may be removed to federal court only if the federal court would have had original subject matter jurisdiction over the case. *See* 28 U.S.C. § 1441(a). There is a strong presumption against removal jurisdiction which "means that [a] defendant always has the burden of establishing that removal is proper." *Merino v. Saxon Mortg., Inc.*, No. C-10-05584 EDL, 2011 U.S. Dist. LEXIS 25425, at *5 (N.D. Cal. Feb. 28, 2011) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

In the instant case, Removing Defendants removed the action based on federal question jurisdiction. Federal question jurisdiction exists for "all civil actions arising under the Constitution,

laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983). A case "arises under" federal law only where federal law either (1) creates the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *See id.* at 27-28. In the instant case, there is no dispute that federal law does not create any of Plaintiffs' claims. Instead, the question is whether this case falls within the second category, namely, whether Plaintiffs' right to relief under § 17200 depends on resolution of a substantial question of federal law. Defendants contend that it does because Plaintiffs' § 17200 claim allege that Defendants engaged in unlawful business acts and practices by violating TILA and Regulation Z which implements TILA.

B. <u>Necessary Element</u>

The Ninth Circuit has held that federal jurisdiction may exist "if it appears that some substantial, disputed question of federal law is a *necessary* element of one of the well-pleaded state claims." *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 345 (9th Cir. 1996) (internal quotation marks omitted; emphasis in original). But, "[w]hen a claim can be supported by alternative and independent theories -- one of which is a state law theory and one of which is a federal law theory -- federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Id.* at 346.

Consistent with *Rains*, the court in *Caldwell v. N. Pac. Mortg. Corp.*, No. C10-05306 TEH, 2011 U.S. Dist. LEXIS 39698, at *8-9 (N.D. Cal. Apr. 4, 2011) held that TILA does not add to a § 17200 claim where the same facts that support the TILA violation also support state law theories of liability. In *Caldwell*, plaintiffs asserted eight state law claims, one of which alleged that defendants violated § 17200 in failing to comply with TILA and various state statutes. *Caldwell*, 2011 U.S. Dist. LEXIS 39698, at *2-3. The court found that despite the "several mentions of TILA violations, where TILA is one of three bases for a [§ 17200] claim, [that] do[es] not compel the Court to determine that federal law underpins the claims in the [complaint] . . . because [p]laintiffs' [§ 17200] claim is [also] supported by state-law theories of liability." *Id.* at *7-8. The court emphasized that this "conclusion is not overcome by the fact that the [complaint] makes passing reference to federally mandated loan disclosures and other allegations that could support a TILA

violation." *Id* at \*8-9. Other courts are in accord. *See Briggs v. First Nat'l Lending Servs.*, No. C 10-00267 RS, 2010 U.S. Dist. LEXIS 35639, at \*7-8 (N.D. Cal. Mar. 16, 2010) (holding that the alleged TILA violation is not a necessary element under *Rains* because the § 17200 claim is also supported by state law theories); *Cortazar v. Wells Fargo & Co.*, No. C 04-894 JSW, 2004 U.S. Dist. LEXIS 30215, at \*11 (N.D. Cal. Aug. 9, 2004) (holding that the unlawful allegations of the plaintiff's section 17200 claim could be established by state law alone and do not depend on a violation of federal law); *Castro v. Providian Nat'l Bank*, No. C-00-4256 VRW, 2000 U.S. Dist. LEXIS 19062, at \*3 (N.D. Cal. Dec. 29, 2000) (finding "fatal" to defendants' argument the fact that plaintiff's unlawful § 17200 claim was also supported by state law such that "a jury could find defendants violated section 17200 [] without finding [they] violated TILA").

Similarly, here, it appears that the same facts that could support a TILA violation also support state law violations which underpin the § 17200 claim. For example, Plaintiffs list several bases to support the § 17200 claim, including Defendants' failure to comply with, *inter alia*, California Civil Code § 1921 which, like TILA, requires lenders to provided prospective borrowers with a copy of a federal publication on ARM loans. Moreover, it is conceivable that the conduct which gives rise to the TILA claim here would constitute "unfair business acts or practices," which is broadly defined under § 17200.[1] *See Fardella v. Downey Sav. & Loan Ass'n*, No. 00-4393, 2001 U.S. Dist. LEXIS 6037, at \*10 (N.D. Cal. May 9, 2001) (noting that, even if the unlawful prong rested solely on establishing a TILA violation, plaintiffs could prevail on a § 17200 claim under the broadly defined unfair prong); *see also Montoya v. Morgageit Inc.*, No. C 09-05889 SI, 2010 U.S. Dist. LEXIS 20783, at \*7 (N.D. Cal. Feb. 10, 2010) (finding federal law is not a necessary element where plaintiff alleges both "unfair practices and federal violations as the basis for the [§ 17200]

---

[1] An "unfair business act or practice" is one that "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *People v. Casa Blanca Convalescent Homes, Inc.*, 159 Cal. App. 3d 509, 530 (1984). In evaluating "unfair" claims, courts apply a balancing test to weigh the "harm to the consumer against the utility of the defendant's practice." *S. Bay Chevrolet v. GM Acceptance Corp.*, 72 Cal. App. 4th 861, 886, 85 Cal. Rptr. 2d 301, 316 (Cal. App. 4th Dist. 1999). The Ninth Circuit has affirmed the continued application of this balancing test in consumer actions, notwithstanding the decision in *Cel-Tech Commc'n, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187 n.12 (Cal. 1999). *See Lorenzo v. AT&T Wireless Servs.*, 504 F.3d 718, 736 (9th Cir. 2007).

claim."). If the same acts which constitute the alleged TILA action would be equally actionable under state law, then the alleged violation of TILA adds nothing to the § 17200 claim and thus the federal violation would not constitute a "necessary element" of the § 17200 claim.

At the hearing, Plaintiffs initially conceded that TILA added nothing to the § 17200 claim. Later, however, Plaintiffs stated that they believed that TILA does add something to the claim but did not articulate how it would do so specifically. The complaint does not clearly specify what conduct violates TILA but not any other state law basis for the § 17200 claim. Thus, the Court has serious doubt that as pled the TILA violation cited in Plaintiffs' § 17200 claim creates federal question jurisdiction.

C.  Substantial and Disputed Question of Federal Law

Even if TILA were a necessary element to the § 17200 claim, the Court would conclude that remand is proper nonetheless. Under *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), a question of federal law must not only be a necessary element of a state law claim; it must also be actually disputed and substantial. It also must be an issue that "a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314. Removing Defendants have failed to show that these requirements have been met in the instant case.

First, Removing Defendants have failed to show that there is a TILA question in dispute. For example, Defendants have not pointed to a dispute about the "meaning or construction of [TILA]." *In re Countrywide Fin. Corp. Mortg. Mktg. & Sales Practices Litig.,* Nos. 08md1988 DMS (LSP), 08cv1903 DMS (LSP), 2008 U.S. Dist. LEXIS 105440, at *19 (N.D. Cal. Dec. 30, 2008) (holding that the defendant failed to show that any federal issue raised was a disputed question of law because "[t]here was no dispute about the meaning or construction of [TILA or RESPA]").

Second, Removing Defendants have not made any attempt to show that any TILA question is substantial. There is nothing to indicate, for instance, that the resolution of any TILA question would be "controlling in numerous other cases." *Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700 (2006) (distinguishing *Grable*, which "presented a nearly 'pure issue of [federal]

law'" that "sensibly belong[ed] in federal court" because it was one "'that could be settled once and for all and thereafter would govern numerous tax sale cases.'"). Indeed, the complaint in the instant case indicates that any TILA question would likely be "fact-bound and situation-specific." *Id.* at 700.

Finally, even if there were a disputed and substantial TILA question, that would not be dispositive of federal question jurisdiction. As indicated above, a court must still assess whether permitting a federal forum would "disturb[] any congressionally approved balance of federal and state judicial responsibilities." *Grable,* 545 U.S. at 314. The fact that state and federal courts have concurrent jurisdiction over TILA claims, *see* 15 U.S.C. § 1640(e), suggests that a federal court should not automatically assume jurisdiction over the case. *See In re Countrywide Fin. Corp. Mortg. Mktg. & Sales Practices Litig.,* 2008 U.S. Dist. LEXIS 105440, at *21 (noting that "[t]he existence of concurrent jurisdiction [under § 1640(e)] indicates [that] Congress intended for the balance of judicial responsibility [over] these claims to be shared between state and federal courts"). Removing Defendants have not provided any analysis on this point. In light of the burden that is placed in the Removing Defendant to establish the property of removal, that failure further warrants remand.

D.  Request for Attorney's Fees and Costs

For the foregoing reasons, the Court grants Plaintiffs' motion to remand. The only issue remaining is whether Plaintiffs should be awarded the fees and costs they incurred as a result of removal pursuant to 28 U.S.C. § 1447(c). District courts have wide discretion as to whether to award attorney's fees incurred as of result of removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). There is no presumption in favor of an award of attorney's fees and "whether a removal is improper is not dispositive in determining whether fees should be awarded under 28 U.S.C. § 1447(c)." *Id.* at 137; *see also Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007). Rather, the standard is the objective reasonableness of the removal. *See Martin*, 546 U.S. at 141.

The Court concludes that, in the instant case, Removing Defendants' basis for removal was objectively reasonable because they relied on Plaintiffs' direct reference to federal law in their complaint. Moreover, Plaintiffs conceded at the hearing that they believed the alleged violation of

TILA added something to their § 17200 claim. That suggests that Removing Defendants were not unreasonable in removing the case. *See* note 1, *supra*. Therefore, the request for attorney's fees is denied.

### III. CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' motion to remand to state court and denies Plaintiffs' request for attorney's fees and costs.

This order disposes of Docket No. 7.

IT IS SO ORDERED.

Dated: July 18, 2011

_____
EDWARD M. CHEN
United States District Judge